IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORENZO WATKINS,<br>AIS #209854,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL WHALEY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION No. 2:05-cv-462-F<br>)<br>)<br>)<br>)<br>) |

## SPECIAL REPORT FOR DEFENDANTS PAUL WHALEY AND JIM HAYES

Come now the defendants, through undersigned counsel, and in compliance with this Honorable Court's May 19, 2005, Order, hereby submit the following Special Report:

### PARTIES

1. The plaintiff, Lorenzo Watkins, is an Alabama Department of Corrections ("ADOC") inmate incarcerated at Limestone Correctional Facility.

2. Defendant Paul Whaley is the Director of Classifications for the Alabama Department of Corrections ("ADOC"). Defendant Jim Hayes is a Classification Supervisor with ADOC.

### PLAINTIFF'S ALLEGATIONS

The plaintiff alleges that he has wrongly been denied work release because he claims he does not fit under any category that would place in Restricted Custody placement. He also claims that ADOC has relied on false information in his pre-sentence investigation report to

place him in this classification. He asks that this Court remove his restrictive placement and order him to be placed on work release.

## DEFENDANTS' RESPONSE

The defendants respond to the plaintiff's complaint as follows:

1. The defendants assert that the plaintiff has failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, or any other source.

2. The plaintiff has no liberty interest in his classification status.

3. Department of Corrections rules prohibit inmates convicted of murder from participating in work release.

4. This suit is barred by the doctrine of qualified immunity.

## DEFENDANTS' EXHIBITS

The defendants present the following exhibits:

Exhibit 1 – Affidavit of Defendant Hayes

Exhibit 2 – Department of Corrections Classification Manual Excerpt, Page 36

## FACTS

The plaintiff, Lorenzo Watkins, was sentenced for convictions of murder and arson on March 15, 2000. (Plaintiff's Ex. A.) These convictions occurred after Watkins set his girlfriend's house of fire on July 9, 1999, and shot her twice on September 9, 1999. (Plaintiff's Exs. B; C.) In between these actions, a police report indicates that Watkins slashed his victim's tires and issued to her verbal threats of bodily harm. (Plaintiff's Ex. C.) After Watkins' sentencing, the ADOC Central View Board and Classification Director Paul Whaley placed Watkins in restrictive custody, based on the above evidence that Watkins committed a terroristic homicide. (Plaintiff's Ex. H; K.) Neither inmates

2

on restrictive custody, nor inmates convicted of any type of homicide are eligible for work release. (Defendant's. Ex. 1 at 1; Ex. 2.)

## ARGUMENT

**I. The complaint fails to state a cause of action because Watkins has no liberty interest in obtaining work release**

Watkins has failed to state a claim because he has suffered no constitutionally significant harm, as he has no liberty interest in his prison classification. The Due Process Clause only protects restraints that impose significant and atypical hardships on the inmate in relation to ordinary prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that inmates had no liberty interest in being free from disciplinary segregation). Thus, an inmate has no liberty interest in his classification status. *Id*; *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest); *Meachum v. Fano*, 427 U.S. 215 (1976) (holding there is no liberty interest in being free from being transferred to a less agreeable prison); *Moody v. Daggett*, 429 U.S. 78, 88 (1976) (noting that federal inmates have no liberty interest in eligibility for rehabilitative programs). The 11th Circuit has followed this line of cases to hold that inmates have no liberty interest in being placed into work release. *Francis v. Fox*, 838 F.2d 1147, 1149-50 (11th Cir. 1988).

As Watkins has no liberty interest in obtaining work release, he only presents a cause of action if ADOC relied on admittedly false information in denying him work release. *Monroe v. Thigpen*, 932 F.2d 1437, 1441-42 (11th Cir. 1991). There is no evidence in this case to support Watkins' claim. Watkins is ineligible for work release because he has been convicted of murder (Ex. 2), a conviction to which he admits. (Compl. at 4.) Watkins' own evidence reveals that

Defendant Whaley placed Watkins in restrictive custody because he was found to have committed terroristic homicide (Plaintiff's Exs. H; K), as provided for in Rule 10. This is based on undisputed evidence that Watkins had previously set fire to his victim's home (Compl. at 4), slashed her tires, and threatened her in the weeks and months prior to the homicide (Plaintiff's Ex. C). Thus, there is no evidence that Defendant Whaley relied on any false information in classifying Watkins, and the defendants are entitled to summary judgment.

## II. The defendants are immune to this suit through qualified immunity

State employees who make these discretionary choices are shielded from suit under the doctrine of qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), *quoting Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). Decisions by Defendant Whaley and the Central Review Board as to whether a set of facts meet classification criteria are discretionary. Watkins does not identify any action by Defendant Hayes that resulted in Watkins' being wrongly classified. As the plaintiff has failed to cite a case that puts the defendants on notice that any of their actions violated clearly established law, the defendants are entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, the defendants request that this Court enter summary judgment in their favor.

>Respectfully Submitted,
>
>Troy King
>Attorney General
>
>
>s/Andrew Hamilton Smith
>Andrew Hamilton Smith (SMI 263)
>Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 28<u>th</u> day of June, 2005, served a copy of the foregoing upon the plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Mr. Lorenzo Watkins
AIS# 209854
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

                                                  s/<u>Andrew Hamilton Smith</u>
                                                  Andrew Hamilton Smith (SMI 263)
                                                  Assistant Attorney General

**ADDRESS OF COUNSEL**
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 353-9575

6