

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORENZO WATKINS, #209854, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CIVIL ACTION #2:05-CV-462-F |
| | ) |
| JIM HAYES, ET AL., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at large, personally appeared one Jim Hayes, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Jim Hayes, and I am presently employed as a Corrections Classification Supervisor, with the Alabama Department of Corrections, Limestone Correctional Facility, Harvest, Alabama. I am over nineteen (19) years of age.

Plaintiff was advised on January 19, 2005, in a written response to a Request Slip that he would not be eligible for Work Release due to the Murder conviction (Exhibit #1).

Plaintiff met with the Institutional Segregation Review Board on January 27, 2005, inquiring about Work Release and asked why he was designated as Restricted (R coded). I did not see information in his Institutional File concerning the designation and advised him it could be the number of shots. Upon reviewing the file, information

and manual criteria, I concluded the number of shots was not the factor and requested information the Assistant Director of Classification, Carolyn Golson, as to why Inmate Watkins was designated as Restricted. Inmate Watkins was sent a written response advising him the information had been requested and the Classification Manual on Page 36, Item I, stated Homicide cases are barred from Work Release.

I received a fax on February 1, 2005, from Carolyn Golson with the information regarding Inmate Watkins being designated as restrictive and assigning the "R" code (Exhibit #3).

On February 11, 2005, a written note was sent to Inmate Watkins advising him the designation was based on information contained in the Pre-Sentence Investigation completed by a Parole Officer on both the Arson and Murder cases (Exhibit #4).

On February 17, 2005, Inmate Watkins met with the Institutional Segregation Review Board concerning Work Release and custody. Inmate Watkins was advised Central Review Board only could designate the "R" code and the only recourse was he could write the Director of Classification Paul Whaley. I read part of the details from the Pre-Sentence Investigation to the Board Members and Inmate Watkins.

On March 1, 2005, I sent a written note attached to a letter Inmate Watkins had written Mr. Whaley. The note explained Mr. Whaley's comments.

On March 22, 2005, I sent a written response to Inmate Watkin's request for a copy of the Pre-Sentence Investigation. The response advised of the only two ways known to obtain a copy of the Pre-Sentence (Exhibit #5).

On April 14, 2005, Inmate Watkins was summoned to attend the Institutional Segregation Review Board for the purpose of signing a Progress Review recommending a custody change from Medium to Minimum. I, upon request from Warden III Mitchem, read the details from the Pre-Sentence and information received from Ms. Goldson, Assistant Director of Classification, designating Inmate Watkins as "Restricted" at the Board. I did not designate Inmate Watkins as Restricted or cause him to be designated as Restricted.

Pre-Sentence Investigation reports supplied by the Alabama Board of Pardons and Paroles are confidential and not subject to dissemination of the inmate. No inmate has the right to a specific custody or placement within the Department of Corrections.

I did not discriminate against Inmate Watkins nor act with any malice aforethought as the provisions of the Classification Manual apply to all inmates within the Department of Corrections. The designation of Restrictive (R code) was added to the Classification Manual in a change dated April 8, 2004.

To the best of my knowledge, the aforementioned facts are true and correct and the entirety of my involvement with Inmate Lorenzo Watkins, concerning the allegations on which his complaint is based. I have not violated any of Inmate Watkins' Constitutional Rights.

_____
JIM HAYES

STATE OF ALABAMA )

LIMESTONE COUNTY )

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND AND OFFICIAL SEAL THIS THE 8 DAY OF June, 2005.

*Diane R Sisk*
NOTARY PUBLIC

My commission expires 7-24-06