STATE OF ALABAMA:                    CIVIL ACTION NO.2:05 CV462-F
MONTGOMERY COUNTY:                   WATKINS, LORENZO # 209854R

### AFFIDAVIT

My name is Paul Whaley II and I am presently employed as the Director of Classification, Alabama Dept. of Corrections, P O Box 301501, Montgomery, Alabama 36130. I am over the age of twenty-one years. I have 27 years' experience with the Alabama Dept. of Corrections, all in the area of inmate classification. I worked at Kilby as the institutional classification specialist for five years managing a caseload as well as performing intake and reclassification duties. Following that, I served 9½ years as a member of the Central Review Board where the vast majority of classification determinations statewide relative to placements, programs, custodies, institutional assignments and security levels were made. I have served as the Director of Classification for 12 years. I have attended specialized training with the National Institute of Corrections. I hold Masters' degrees in both Criminal Justice and Counseling. I hold a specialized instructor's certificate (#647) issued by the Peace Officers' Standards and Training Commission. I have given presentations around this state to Circuit Judges, District Attorneys, and attorneys for CLE credit. I am qualified to testify to the following with respect to the issues raised in this pleading.

Inmate Lorenzo Watkins # 209854R is a violent societal predator currently serving a 25 year sentence for murder and arson.

In his complaint, inmate Watkins proffers a wealth of rationalizations as to the motives for his crimes. He goes on to state that he sincerely believed that when he came to prison he would be entitled to minimum-out custody and work release as a matter of course. Worse, on page 11, Watkins even avers a "right" to work release and work camps.

Now for the facts. The crime of murder was a culmination of terroristic and stalking type behavior against the victim. In May of 1999, Watkins set fire to the victim's home after making a threat to do so (exhibit A). Prior to the killing, the PSI report shows that the victim stated that Watkins had slashed all 4 tires on her vehicle (exhibit B). After a predictable histrionic stunt following the killing of his victim, Watkins was taken into

Page 2 Watkins, Lorenzo #209845R

custody where is alleged to have stated that he did not intent to "kill" his victim when he shot her twice, but only to "hurt" her. In any case the victim was murdered and the conviction for murder goes to the heart of the issue of intent. Watkins argument that the arson is not connected to the murder is correct, except that it mirrors a pattern of behavior intended to drive fear into a victim, the same victim that he murdered without remorse just three months later.

All less restrictive placements, programs, and custodies offered by the ADOC are privileges to which no criminal offender enjoys any right or entitlement to consideration, let alone participation. Watkins was given a sentence not only commensurate with the severity of the crime, but one designed to insure his removal from free society for a significant period of time. At the time of sentencing, there was no implied entitlement to any program, assignment, or custody. Had Watkins known that his crime would have barred him from work release or minimum-out custody, would he have not committed it? Of course not.

This case was thoroughly reviewed by the Assistant Director of Classification. Her assessment is clear (exhibit C). Inmate Watkins, having laboriously copied the relevant portion of the ADOC Classification Manual) has, in fact, cited the applicable portion of that document (page 8, paragraph 19) which allows the ADOC to consider this case and make the appropriate determination as to public risk.

The crime of murder in and of itself even without aggravating circumstances would bar Watkins from work release consideration, period. The minutest effort on his part could have easily ascertained that fact. It is the overall scenario of his pattern of intimidation and fear against the woman he shot to death to include the prior torching of her home that makes this an aggravated issue. That element simply means Watkins is not appropriate for any custody level (minimum-out) that could afford him unsupervised access to the public. After all, it is the primary responsibility of the ADOC to insure the protection of the public and to that end all elements of a crime or criminal behavior can and will be utilized.

One further issue that Watkins has not bothered to bring out. He is an ex-correctional officer who worked at St. Clair and Kilby in the past where he would have

Page 3 Watkins, Lorenzo #209854R

been well known as an officer to many inmates throughout the system and is therefore considered to have numerous unknown enemies throughout the system. Even were he otherwise eligible for a work camp or work release, it would not be possible to insure his protection in any institutional population in the state of Alabama. He is currently assigned to protective custody for his own protection as the ADOC wishes to insure that nothing bad happens to Watkins for the duration of his incarceration

Inmate Watkins will be a free man in September of 2024 unless paroled earlier. At that time, he will be free to immerse himself in whatever work ethic a 69 year old ex-offender might desire. While in the custody of the ADOC, however, neither work release nor minimum-out custody will be an option.

No right of this criminal has been violated.

Paul Whaley II

STATE OF ALABAMA:
COUNTY OF MONTGOMERY:
SWORN TO AND SUBSCRIBED before me this the 8th day of July, 2005.

Notary Public