IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORENZO WATKINS, AIS #209854, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION No. 2:05-cv-462-F ) |
| PAUL WHALEY, *et al.*, | ) ) |
| Defendants. | ) ) |

## SUPPLEMENTAL SPECIAL REPORT FOR DEFENDANTS PAUL WHALEY AND JIM HAYES

Come now the defendants, through undersigned counsel, and in compliance with this Honorable Court's December 5, 2005, Order, hereby submit the following Supplemental Special Report:

### DEFENDANTS' EXHIBITS

These defendants adopt the exhibits previously filed with their initial special report and their July 8, 2005, Supplemental Special Report.

### FACTS

The plaintiff, Lorenzo Watkins, was sentenced for convictions of murder and arson on March 15, 2000. (July 8, 2005, Supplemental Report) These convictions occurred after Watkins set his girlfriend's house of fire on July 9, 1999, and shot her twice on September 9, 1999. (July 8, 2005, Supplemental Report) In between these actions, a police report indicates that Watkins slashed his victim's tires and issued to her

verbal threats of bodily harm. (July 8, 2005, Supplemental Report) After Watkins' sentencing, the ADOC Central View Board and Classification Director Paul Whaley placed Watkins in restrictive custody, based on the above evidence that Watkins committed a terroristic homicide. (July 8, 2005, Supplemental Report) Department of Corrections Assistant Classification Director Carolyn Golson specifically found that Watkins had engaged in a history of stalking and terrorizing his victim prior to the murder, and thus placed him in restrictive custody. (July 8, 2005, Supplemental Report) Moreover, Watkins' history as a former correctional officer mandates his placement in restrictive custody notwithstanding the details of his offense. (July 8, 2005, Supplemental Report)

Plaintiff, in his amended complaint, attempts to add the defendant Jeffery D. Jeter to this suit. While it is true that the court granted Plaintiff's motion to add Mr. Jeter as a defendant in this action, these defendants have not seen where Mr. Jeter has been properly served with this lawsuit, nor has this office been requested to represent Mr. Jeter to the undersigned's knowledge. The additional count added to the suit addresses only Mr. Jeter and it is therefore the position of these defendants that no answer is required. To the extent that the additional count could in any way be construed as applying to these defendants, these defendants would submit the following additional response to Plaintiff's alleged "facts".

Plaintiff's allegation in his amended complaint that his being placed on restricted status because of alleged erroneous information in his PSI report is simply wrong. As stated in the affidavit of Paul Whaley attached to these defendants' July 8, 2005, Supplemental Special Report, the fact that Plaintiff was convicted of murder alone

2

justifies restricting his status to protect the public from further harm. Also, the fact that plaintiff was a former corrections officer prior to his brutally murdering his victim justifies a restricted status for his own protection. (See, Affidavit of Paul Whaley, II, attached to these defendants' July 8, 2005, Supplemental Special Report.)

## ARGUMENT

Plaintiff has utterly failed to demonstrate not only that the alleged hearsay in the PSI report served as the basis for his being placed on restricted status, but also has failed to demonstrate why the information, even if it contained hearsay, double hearsay, or even triple hearsay, could not be used in such a determination. It is clear in the context of a parole hearing that such information, even if it is hearsay, may be used. See, *Ochoa v. U.S.*, 819 F.2d 366 (2nd Cir. 1987) (holding that a Parole Commission can consider hearsay statements contained in presentence investigation reports, in calculating prisoner's presumptive date of release); *Walker v. Prisoner Review Bd.*, 769 F.2d 396 (7th Cir. 1985) (Holding that a federal parole board was permitted to consider information in the prisoner's presentence investigation report, "despite the knowledge that there are no formal limitations to their contents, that they might rest on hearsay. . . .); and *Goldberg v. Beeler*, 82 F. Supp. 2d 302 (D.N.J. 1999) (holding that a Parole Commission had rational basis for its decision, in determining parole eligibility, to set severity level for federal prisoner's racketeering offense at category eight, notwithstanding prisoner's contention that presentence investigation report (PSR) relied upon contained triple hearsay.) Certainly, if this information can properly be used in determining whether a prisoner may be released back into the public with minimal supervision, it can be used to determine his status while incarcerated.

## **CONCLUSION**

Based on the foregoing, these defendants request that this Court enter summary judgment in their favor.

Respectfully Submitted,

Troy King
Attorney General


s/Benjamin H. Albritton
Benjamin H. Albritton (ALB008)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 20th day of December, 2005, served a copy of the foregoing upon the plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Mr. Lorenzo Watkins
AIS# 209854
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

                                                  s/ Benjamin H. Albritton
                                                  Benjamin H. Albritton (ALB008)
                                                  Assistant Attorney General

**ADDRESS OF COUNSEL**
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 353-7555