```
         IN THE UNITED STATES DITRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

LORENZO WATKINS,
    Plaintiff,

       Vs.                  Case #2:05-CV-462-F

PAUL WHALEY, et al.,
    Defendants.

### SPECIAL REPORT OF JEFFREY JETER

Comes now Jeffrey Jeter, an Alabama Probation & Parole Officer, and shows unto the Court as follows:

### The Complaint

Watkins filed a §1983 complaint against officials of the Department of Corrections, challenging their decisions to classify him for security and program eligibility. He subsequently amended that complaint, to add Jeter as a defendant. He alleges that Jeter made statements in a pre-sentence investigation report that are incorrect, that Jeter obtained this information from the police agency investigating the underlying crime, that Jeter failed to adequately investigate the accuracy of the information reported, and that the DOC officials relied on this allegedly false information to decide how to classify him.

Watkins seeks equitable relief, in the form of an order directing that the report be re-written.

### Defendant's Position

Jeter was never properly served with process. He is based in Evergreen. His office address is: 102 Jackson Street, Conecuh County Courthouse, Evergreen, Alabama 36401. However, he consents to service and voluntarily enters this appearance to answer the claim for equitable relief.

If Watkins seeks to amend the complaint to seek damages, this defendant will be immune from such claims on the basis of quasi-judicial immunity and qualified immunity.

Jeter acted under color of State law, and in fact acted within the line and scope of his duties when he prepared the PSI report at issue in this case. He did not violate the Constitution or laws of the United States when he prepared the report. He did not do anything that a reasonable officer in his position would believe deprived Watkins of any right, privilege or immunity protected under the Constitution or laws of the United States. He did not, in fact, do anything

that deprived Watkins of any right, privilege or immunity protected under the Constitution or laws of the United States.

The complaint shows on its face that Jeter accurately reported the information discovered by the agency investigating the underlying crimes. The averments of the complaint are insufficient, as a matter of law, to state a claim for knowing reliance on false information, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001). Jeter did not have, and still does not have, any reason to doubt the accuracy of the information contained in the report he submitted.

Watkins has no basis to complain that the report contains hearsay or double hearsay. By their nature, PSI reports always contain hearsay and frequently contain double hearsay. The reports themselves are hearsay. However, these reports are not used as evidence to prove guilt in a criminal prosecution. The description of the details of an offense contained in a PSI provides prison and parole officials with a summarized description of a crime. This report is prepared **after the defendant is convicted of the crime.**

Jeter denies the averment that the reported facts are false, and demands strict proof. Jeter denies knowing that the facts reported are false, and demands strict proof.

Jeter avers that the PSI report accurately states the information he discovered while reviewing the records of the crimes described in the report. To the best of his knowledge, information and belief, the facts reported are also true and correct, but he does not warrant that all witnesses were either totally truthful or totally accurate in their recollections. He has no way of knowing for certain whether those witnesses' recollection of the facts or Watkins' recollection of the facts would be more reliable.

Under the facts of this case, there is no reason to believe that a more detailed investigation would have resulted in a report substantially different from the report previously submitted.

Furthermore, the challenged statements in the PSI, which Watkins avers are false, do not contradict the documents on which Watkins relies to support his version of the crime. The PSI does not state that the

victim was shot three times. It does say that Watkins said that he believes he shot her twice.

Based on the information submitted by Watkins with his original complaint, it does not appear that the Department of Corrections reached an irrational result in determining that his crimes present a need for security restrictions. Watkins was convicted of murder and arson, in separate incidents. However, both crimes were directed against the same person, and it is rational to consider the crimes to be related.

Assuming the truth of the material facts averred in the complaint, it does not appear that this defendant submitted information that he knew to be false; it does not appear that the other defendants knew this information to be false; and it does not appear that this information was, in fact, false. Furthermore, it does not appear likely that the DOC defendants would have classified Watkins differently if they had made their decision relying on all the exhibits attached to Watkins' complaint, and without considering or relying on the PSI.

Even if this Court were to order complete expungement of the PSI, it does not appear likely that Watkins' classification would change. The DOC officials would still have a rational basis for classifying him as an offender posing special security concerns. Eliminating this allegedly false report would not change anything, and it would not afford meaningful relief.

## Conclusion

The complaint fails to state a claim upon which relief may be granted. Jeter has not deprived Watkins of liberty without due process. Jeter has not deprived Watkins of liberty. Jeter has not deprived Watkins of procedural due process. Jeter has not deprived Watkins of any right protected under substantive due process. Watkins has not been deprived of liberty without due process. Watkins has been afforded ample procedural protections. Watkins has not been deprived of any right protected by substantive due process. He has been subjected to a rational classification process that reached a rational result. Even if some flaw exists or some error occurred, there is no meaningful relief

available that is likely to change the ultimate result of the classification process.

There is no genuine issue as to any material fact, and this defendant is entitled to judgment as a matter of law. The complaint shows on its face that this defendant is entitled to judgment. Jeter moves this Court to dismiss the amended complaint with prejudice, or in the alternative, to enter judgment in his favor and to make that judgment final.

                Respectfully submitted,

                TROY KING
                ATTORNEY GENERAL

                GREG GRIFFIN
                CHIEF COUNSEL

                _____
                Hugh Davis DAV 029
                Deputy Attorney General

### CERTIFICATE OF SERVICE

I hereby certify that on 12-20-05, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to the following:  (None),

and I hereby certify that I have mailed by United Stated Postal Service the document to the following non-CM/ECF participants:

Lorenzo Watkins, #209854
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

    Done this 20th day of December 2005.

                              s/HUGH DAVIS
                              DEPUTY ATTORNEY GENERAL
                              State Bar#:  ASB-4358-D63F

Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone:  (334) 242-8700
Hugh.davis@paroles.alabama.gov