RECEIVED    IN THE DISTRICT COURT OF THE UNITED STATES

2006 JAN -3  A 10: 02  FOR THE MIDDLE DISTRICT OF ALABAMA

DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DIST OF ALA    NORTHERN DIVISION


|  |  |  |
|---|---|---|
| LORENZO WATKINS, #209854R, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| VS. | ) ) ) ) | Civil Action No. 2:05-CV-462-F |
| PAUL WHALEY, Director of Classification; JIM HAYES, Classification Supervisor; and JEFFERY D. JETER, Alabama Probation and Parole Officer, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |


PLAINTIFF'S RESPONSE TO DEFENDANT JEFFREY JETER'S SPECIAL

REPORT AND THE SUPPLEMENTAL SPECIAL REPORT FOR

DEFENDANTS PAUL WHALEY AND JIM HAYES


Comes now Lorenzo Watkins #209854, Plaintiff in the above-
styled cause, and he respectfully submits the following response
to the Special Report of Defendant Jeffrey Jeter and the

1

Supplemental Special Report of Defendants Paul Whaley and Jim Hayes:


### SUPPLEMENTAL SPECIAL REPORT FOR DEFENDANTS
### PAUL WHALEY AND JIM HAYES


1.    Counsel takes Defendant Whaley's affidavit out of context. Defendant Whaley stated that being convicted of murder alone would keep Plaintiff from going to a Work Release...not from going to a Work or Honor Camp...which is why Plaintiff filed this action to begin with: Being placed in "R" restricted status and being prevented from going to a Work or Honor Camp.


2.    Counsel claims once again that Plaintiff must be kept in Protective Custody due to his former employment as a correctional officer. As previously pointed out by Plaintiff, former policemen and correctional officers have gone to Work Release and Work/Honor camps from protective custody for the past 20 years. All one has to do is sign a waiver. The Defendants have not denied this claim.


3.    The affidavit by Defendant Whaley and Hayes establishes that Plaintiff was placed in "R" restricted status due to the hearsay statements contained in the PSI report.

2

4.    Counsel argues that hearsay in PSI reports can be used by parole boards citing Ochoa v. U.S., 819 F. 2d 366 (2nd Cir. 1987) and Walker v. Prisoner Review Bd, 769 F. 2d 396 (7th Cir. 1985) and that therefore, this type of hearsay should be permitted for use by prison officials for classification.

Plaintiff would first point out that these cases are from the Second and Seventh Circuits, which are not binding in this Circuit.

Secondly, Plaintiff shows that the present case is distinguished from both of these cases. In Ochoa the inmate was permitted to appear before that parole board to testify and to submit additional information concerning the accuracy of the hearsay statements. In Alabama prisoners do not meet with the parole board and are not advised as to what information the parole board is considering. In Alabama prisoners do not meet with the prison Central Review Board that classifies the inmates and are not advised as to what information is used during the classification. In Walker the inmate is given access to the materials used for parole determination and is given the opportunity to respond. What a laughable proposition in Alabama! The parole board does not give inmates access to their files or any opportunity to respond. The same holds true for the Defendants Whaley and Hayes and other prison officials as evidenced by the

3

previous exhibits submitted by Plaintiff which show that Defendant Hayes refused to provide Plaintiff a copy of the PSI Report.

## SPECIAL REPORT OF JEFFREY JETER

1.    Plaintiff has not asked for any damages against Defendant Jeter and has only asked that the PSI report be re-written.

2.    Counsel states that "Jeter accurately reported the information discovered by the agency investigating the underlying crime." This statement is false and is the point of Plaintiff's claims. There was no investigation of these matters. Defendant Jeter took this information from an initial police report, where people walked up at the scene and made statements to a police officer who wrote them down. The police report was never investigated.

3.    Defendant Jeter admits that individuals who made statements to the police at the scene of the underlying crime might not have been "totally truthful or totally accurate in their recollections." Why then did Defendant Jeter ever put these statements in the PSI report when he knows that the report would be read by both the parole board and prison officials???

4

4.    Defendant Jeter states that "a PSI provides prison and parole officials with a summarized description of a crime." If this is true, why, then, were hearsay statements, not related to the crime, put in the PSI Report? And if non-related hearsay statements are used, why was it not mentioned in the PSI Report that the victim in this case shot Plaintiff on two different occasions? The reason why is simple. The PSI Reports are written to cast the inmate in the worst possible light instead of fairness and accuracy.

5.    Defendant Jeter claims that prison officials would not have classified Plaintiff any differently even if the PSI Report was re-written. First of all, Defendant Jeter is not a prison official and does not know what will affect Plaintiff's classification. Secondly, by Alabama Department of Corrections classification guidelines, Plaintiff would be removed from "R" restricted status if the hearsay an un-investigated statements in the PSI Report were removed.

Date: December 27, 2005                 Respectfully submitted,


_Lorenzo Watkins_

Lorenzo Watkins #209954R
Limestone Correctional Facility
Dorm 9-A-19
28779 Nick Davis Road
Harvest, Alabama 35749


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Response on Defendants: Honorable Benjamin H. Albritton, Assistant Attorney General, at his office: Office of the Attorney General, 11 South Union Street, Montgomery, Alabama 36130; and Steven M. Sirmon, Assistant Attorney General, Alabama Board of Pardons & Paroles, P. O. Box 302405, Montgomery, Alabama 36130 by placing copies in the U.S. Mail, postage prepaid, this date.


Done this the 27 day of December, 2005


_Lorenzo Watkins_

Lorenzo Watkins #209854R


6