IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

|  |  |
|---|---|
| LORENZO WATKINS, <br> #209854R, <br><br> Plaintiff, <br><br> VS. <br><br> PAUL WHALEY, Director of <br> Classification; JIM HAYES, <br> Classification Supervisor; <br> and JEFFERY D. JETER, Alabama <br> Probation and Parole Officer, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:05-CV-462-F <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

PLAINTIFF'S SWORN RESPONSE PURSUANT TO RULE 56,

FEDERAL RULES OF CIVIL PROCEDURE AND PLAINTIFF'S EXHIBIT "V"

Comes now Lorenzo Watkins #209854, Plaintiff in the above-styled cause, and in compliance with this Honorable Court's Order of January 5, 2006, he respectfully submits the following response pursuant to Rule 56, Federal Rules of Civil Procedure:

1

This Honorable Court has directed that Plaintiff respond to the Defendants' special reports and supporting materials in the proper manner pursuant to Rule 56, Federal Rules of Civil Procedure; and Plaintiff respectfully submits that he has already done so as follows:

1. Defendants Paul Whaley and Jim Hayes submitted a Special Report on June 28, 2005, supported by an affidavit from Defendant Hayes and an excerpt from the Classification Manual.

2. On June 29, 2005, this Honorable Court ordered that Defendant Whaley and Hayes supplement their report with an affidavit from Defendant Whaley.

3. On July 8, 2005, Defendants Whaley and Hayes submitted a Supplemental Special Report with an affidavit from Defendant Whaley, a partial PSI Report, and a Classification Memo.

4. On July 8, 2005, this Honorable Court ordered Plaintiff to file a proper response to Defendant Whaley's and Hayes' special report and supplemental report.

5. On August 6, 2005, Plaintiff submitted "Plaintiff's Response to Defendants' Special Report and Supplemental Special Report." In compliance with Rule 56 (e), Federal Rules of Civil Procedure, Plaintiff submitted his own affidavit marked as Plaintiff's Exhibit "Q" and an affidavit from Artis L. Parrish marked as Plaintiff's Exhibit "R" in support of his response. Plaintiff also submitted

three (3) annual classification progress review forms, marked as Plaintiff' Exhibits "S", "T", and "U" in support of his response.

6. On September 29, 2005, Plaintiff filed "Plaintiff's Motion to Amend Complaint By Adding a Defendant and Grounds." Plaintiff filed this motion to add Jeffery D. Jeter, Alabama Probation and Parole Officer because it was Mr. Jeter who actually wrote the PSI Report.

7. On October 6, 2005, this Honorable Court granted the motion to amend and ordered Defendant Jeffery D. Jeter to file a written report and Defendant Whaley and Hayes to file a supplemental written report.

8. On December 20, 2005, Defendants Whaley and Hayes submitted a supplemental special report THAT WAS NOT SUPPORTED BY ANY AFFIDAVITS OR MATERIALS in violation of Rule 56 (e), Federal Rules of Civil Procedure. Also on December 20, 2005, Defendant Jeffery Jeter submitted his Special Report THAT WAS NOT SUPPORTED BY ANY AFFIDAVITS OR MATERIALS in violation of Rule 56 (e), Federal Rules of Civil Procedure.

9. On December 27, 2005, Plaintiff submitted "Plaintiff's Response to Defendant Jeffery Jeter's Special Report and the Supplemental Special Report for Defendants Paul Whaley and Jim Hayes." In this response, Plaintiff properly responded to these reports without additional affidavits and exhibits because Rule 56 (e), Federal Rules of Civil Procedure, states in part as follows:

"WHEN a motion for summary judgment is made AND SUPPORTED as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

Plaintiff filed a proper response supported by two (2) affidavits and three (3) additional exhibits when Defendants Whaley and Hayes filed a proper Special Report supported by affidavits and other material. Then, when Defendants Whaley and Hayes filed a supplemental special report, stating what they had already stated, with no supporting affidavits, Plaintiff filed a response without affidavit ( relying on his previous affidavits and exhibits ) because none was required pursuant to Rule 56 (e). The same holds true for the Special Report by Defendant Jeter that was not supported by affidavit or other materials. Plaintiff filed a response without affidavit ( relying on his previous affidavits and exhibits ) because none was required pursuant to Rule 56 (e).

10. Plaintiff, HOWEVER, will now submit the Pre-sentence Investigation Report (PSI), prepared by Defendant Jeffery D. Jeter, ( which he has marked as Plaintiff's Exhibit "V" ) in support of Plaintiff's response of December 27, 2005, to Defendant Jeter's

Special Report. The portions of this report that violate Plaintiff's constitutional rights are as follows:

"Another witness stated she was given a message from the defendant to deliver to the victim. The message was stating "on everything I love, you need to get in touch with me tonight or else it's going to be some real trouble for you." This witness stated that she gave this message to the victim on Wednesday night, 9-7-99, at the Jackpot Bingo Hall located in the Normandale Shopping Center, Montgomery, Alabama. The victim told the witness on 9-8-99 that she had not talked to the defendant in a couple of weeks. The victim stated to this witness, that the defendant had cut all four of her tires to her vehicle approximately one week prior to this conversation. Another witness, Calvin Leon Thomas stated that he observed the defendant on Wednesday, 9-8-99 at work and that the defendant had a weapon on his person, and was showing the weapon around at the Saraha Restaurant. Mr. Thomas also stated that he heard the message which was given to his girlfriend to relay to the victim."

These statements from the PSI report were obtained from an initial Police Report prepared at the scene; and none of these statements were ever investigated to determine truthfulness and reliability. These statements are nothing more than hearsay. Even Defendant Jeffery D. Jeter, who wrote this PSI Report, stated in his Special

5

Report that individuals who made statements to the police at the scene of the underlying crime might not have been "totally truthful or totally accurate in their recollections." For this reason, alone, these hearsay statements should not have been included in the PSI Report.

Furthermore, Defendant Jeter never interviewed Plaintiff prior to the writing of this PSI Report to obtain Plaintiff's version of the events leading up the underlying crime including the fact that the victim had previously shot Plaintiff on two different occasions...<u>facts that are supported by Police Reports</u>. Or that when Plaintiff set the victim's couch on fire that he did so because the victim had thrown his clothes and belongings into the yard.

11. Not only is Plaintiff's prison classification based upon the facts set forth in the PSI Report but the only facts the voting members of the parole board know when reviewing Plaintiff for parole are the facts set forth in the PSI Report. These facts, then, should be reliable and not hearsay. Furthermore, all the facts concerning the relationship between Plaintiff and the victim, including Plaintiff being shot twice, should have been in the report to show that there was always a two-sided volatile relationship instead of making it appear that Plaintiff stalked the victim for some reason.

WHEREFORE, Plaintiff requests that this Honorable Court deny the implied motions for summary judgments filed by Defendants Paul Whaley and Jim Hayes and Defendant Jeffery D. Jeter.

Date: 1-17-06

Respectfully submitted,

*Lorenzo Watkins*

Lorenzo Watkins #209954R
Limestone Correctional Facility
Dorm 9-A-19
28779 Nick Davis Road
Harvest, Alabama 35749


SWORN TO AND SUBSCRIBED before me on this the 17 day of January, 2006.

My Commission expires: 2-12-07

Notary

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing sworn response on the Honorable Benjamin H. Albritton, Assistant Attorney General, at his office: Office of the Attorney General, 11 South Union Street, Montgomery, Alabama 36130; and the Honorable Steven M. Sirmon, Assistant Attorney General, Alabama Board of Pardons & Paroles, P. O. Box 302405, Montgomery, Alabama 36130 by placing copies of the same in the U.S. mail, postage prepaid, this date.

Done this the 17TH day of January, 2006.

_Lorenzo Watkins_
Lorenzo Watkins #209854R