IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

|  |  |
|---|---|
| LORENZO WATKINS,<br>#209854R,<br><br>    Plaintiff,<br><br>VS.<br><br>PAUL WHALEY, Director of<br>Classification; JIM HAYES,<br>Classification Supervisor;<br>and JEFFERY D. JETER, Alabama<br>Probation and Parole Officer,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:05-CV-462-F<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>PLAINTIFF'S RESPONSE TO DEFENDANT JETER'S AFFIDAVIT</u>

Comes now Lorenzo Watkins #209854R, Plaintiff in the above-styled cause, and pursuant to this Honorable Court's order of March 20, 2006, he respectfully submits the following response to Defendant Jeter's affidavit:

1

1.  Plaintiff would first show that he responded to Defendant Jeter's Special Report on December 27, 2005.

2.  In his affidavit, Defendant Jeter admits that he is not certain that some of the information in the PSI report is not accurate. He also admits that he can not attest to the veracity of the sources and information. See pages 1 and 2. These are the same facts that were stated in his Special Report.

3.  In his affidavit, Defendant Jeter does not deny that he obtained the hearsay statements he included in his PSI report from an initial Police Report ( submitted as Plaintiff's Exhibit "C" ) prepared at the scene that had never been investigated to determine truthfulness and reliability. Even Defendant Jeter stated in his Special Report that individuals who made statements to the police at the scene of the underlying crime might not have been "totally truthful or totally accurate in their recollections."

4.  Defendant Jeter states that he based his report on information that was available at the time, which would have only been the initial Police Report, but this is not true. Defendant Jeter could have talked to Plaintiff prior to writing his report to obtain Plaintiff's version of the events and the history he had with the victim including being shot twice by her…but he chose to not

speak with Plaintiff and instead relied on hearsay statements from an uninvestigated Police Report.


5.   Defendant Jeter has said nothing in his affidavit different than he stated in his Special Report.



WHEREFORE, Plaintiff respectfully submits that he is entitled to his requested relief of Defendant Jeter rewriting the PSI Report and Defendants Whaley and Hayes removing him from "R" custody status.


Date: March 23, 2006                    Respectfully submitted,

                                        /s/ Lorenzo Watkins
                                        Lorenzo Watkins #209854R
                                        Limestone Correctional Facility
                                        Dorm 9-A-19
                                        28779 Nick Davis Road
                                        Harvest, Alabama 35749

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing "Plaintiff's Response To Defendant Jeter's Affidavit" on the Honorable Benjamin H. Albritton, Assistant Attorney General, at his office: Office of the Attorney General, 11 South Union Street, Montgomery, Alabama 36130; and the Honorable Steven M. Sirmon, Assistant Attorney General, Alabama Board of Pardons & Paroles, P. O. Box 302405, Montgomery, Alabama 36130 by placing copies of the same in the U.S. mail, postage prepaid, this date.

Done this the 23rd day of March, 2006.

*Lorenzo Watkins*
_____
Lorenzo Watkins #209854R