IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORENZO WATKINS, AIS #209854, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-462-MEF ) [WO] ) |
| PAUL WHALEY, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Lorenzo Watkins ["Watkins"], a state inmate, complains that the defendants violated his constitutional rights when they relied on false information contained in his pre-sentence investigation report to classify him as a restricted offender. Watkins names Paul Whaley, the Director of Classification for the Alabama Department of Corrections, Jim Hayes, a classification supervisor employed at Limestone Correctional Facility, and Jeffery D. Jeter, a probation and parole officer employed by the Alabama Board of Pardons and Paroles, as defendants in this cause of action. Watkins requests that the court "[o]rder the [correctional] Defendants to remove Plaintiff from 'restricted' ... custody status[,]" *Plaintiff's Complaint - Court Doc. No. 1* at 3, and require "that [the uninvestigated hearsay statements] be removed from the PSI Report." *Plaintiff's Amendment to the Complaint - Court Doc. No. 27* at 4.

The defendants filed special reports and supporting evidentiary materials addressing Watkins' claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat these reports as motions for summary judgment. *Order of July 8, 2005 - Court Doc. No. 11* and *Order of January 5, 2006 - Court Doc. No. 36*. Thus, this case is now pending on the defendants' motions for summary judgment. Upon consideration of these motions, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## I.  STANDARD OF REVIEW

To survive the defendants' properly supported motions for summary judgment, Watkins is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505,

2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is

proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Watkins has failed to demonstrate that there is a genuine issue of material fact in order to preclude entry of summary judgment in favor of the defendants. *Matsushita*, *supra*.

## II. DISCUSSION

Watkins is currently incarcerated on convictions for arson and murder imposed upon him by the Circuit Court of Montgomery County, Alabama in March of 2000. Watkins contends that defendant Jeter placed "erroneous information in his PSI Report" on which correctional officials relied to classify him as a restricted offender. *Plaintiff's Amendment to the Complaint - Court doc. No. 27* at 2. Specifically, Watkins complains that information in his pre-sentence investigation report regarding threats he made to the victim, his slashing of the victim's tires and his possession of a weapon the day before the murder

are "hearsay statements...sometimes double hearsay...that had never been investigated" to determine their veracity. *Id*. Watkins therefore argues that such information should not have been placed in the report or relied upon for classification purposes. *Id*. at 2-3.

It is undisputed that Watkins has no constitutionally protected interest in either a particular custody classification or incarceration at a less restrictive prison facility. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (failure to place inmate in a lower classification level and/or less restrictive prison environment does not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."); *Asquith v. Department of Corrections*, 186 F.3d 407, 412 (3rd Cir. 1999) (*Sandin* requires the court to "compare the prisoner's liberties after the alleged deprivation with the normal incidents of prison life. *See Sandin,* 515 U.S. at 485-86, 115 S.Ct. 2293.... Since an inmate is normally incarcerated in prison, [his remaining in a restrictive prison facility as opposed to being transferred to a work release facility does] not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest."). However, in *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991), the Court held that reliance on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution. The appellate court carefully distinguished the *Monroe* holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id.* In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

*Slocum* controls the disposition of the instant case. Throughout their pleadings, defendants Whaley and Hayes assert that the information contained in Watkins' records is correct and that any reliance on this information therefore did not violate the plaintiff's constitutional rights. Additionally, defendant Jeter maintains that the pre-sentence investigation report "accurately reflect[s] the information" provided to him and he has no knowledge "of anything in that report that is not true." *Affidavit of Jeffery Jeter - Court*

*Doc. No. 41* at 1.

There is no admission by any defendant that the information about which Watkins complains is false, incorrect or erroneous. Watkins has failed to come forward with any evidence that defendant Jeter knowingly placed false information in the pre-sentence investigation report or that the correctional defendants knowingly relied on false information during the classification process. Additionally, even without the plethora of evidence to the contrary, Watkins' assertion of erroneous information does nothing more than raise the possibility that information in his records may be false and this mere possibility fails to provide a basis for relief. *Monroe*, 932 F.2d at 1142; *Jones v. Ray*, 279 F.3d 944 (11th Cir. 2001) ("[P]risoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim."). Moreover, the law is well settled that it is the nature and circumstances of a crime, not the type or nomenclature of the conviction, which legitimately may be used by prison authorities to determine the custody classification of prisoners. *Cf. Hendking v. Smith*, 781 F.2d 850 (11th Cir. 1986).

The record in this case establishes that no ***admittedly*** false information appears in Watkins' pre-sentence investigation report and likewise demonstrates that the correctional defendants did not rely on ***admittedly*** false information to determine Watkins' custody classification. Consequently, the plaintiff is entitled to no relief as a matter of law and summary judgment is due to be granted in favor of the defendants.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for summary judgment filed by the defendants be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before November 21, 2007 the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 8th day of November, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE