IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| LORENZO WATKINS, #209854R, <br><br>  Plaintiff, <br><br> VS. <br><br> PAUL WHALEY, Director of Classification; and JIM HAYES, Classification Supervisor, <br><br>  Defendants. | Civil Action: 2:05-CV-462-MEF [WO] |

OBJECTION'S TO RECOMMENDATION OF THE MAGISTRATE JUDGE

Comes now Lorenzo Watkins, Plaintiff in the above-styled cause, and he respectfully submits the following objections to the Honorable Magistrate Judge's recommendation of November 8, 2007:

1. The Honorable Magistrate Judge holds that Defendant Jeter "maintains that the pre-sentence investigation report

1

'accurately reflect[s] the information' provided to him and he has no knowledge 'of anything in that report that is not true" ( Pg. 6 Recom. ). Also, that the record in this case establishes that no "admittedly false information" was used by parole or prison officials ( Pg. 7 Recom. ). Watkins objects to this holding.

Defendant Jeter admits in his affidavit ( Doc. No. 41 pages 1 and 2 ) that he is not certain that some of the information in the PSI report is not accurate. He also admits that he can not attest to the veracity of the sources and information. Why, then, did Defendant Jeter put this information in the PSI report?

In the Special Report of Jeffrey Jeter, counsel states that Defendant Jeter does not know if the individuals who made statements to the police at the scene of the underlying crime were "totally truthful or totally accurate in their recollections." Why, then, did Defendant Jeter put this information in the PSI report?

By the Honorable Magistrate Judge's holding, as long as the Defendants do not admit to admittedly using false information, they can admit to using information that they cannot attest to the veracity of or whether or not the individuals who made the statements were totally truthful

or totally accurate in their recollections - and a prisoner Plaintiff cannot obtain any relief in federal court.

2. The Honorable Magistrate Judge holds that the Plaintiff "has failed to come forward with any evidence that defendant Jeter knowingly placed false information in the pre-sentence investigation report or that the correctional defendants knowingly relied on false information during the classification process" ( Pg. 7 Recom. ).

Plaintiff has presented evidence - the police report from which Defendant Jeter obtained this information marked as Plaintiff's Exhibit "C". This was the initial police report where every hearsay statement is written down. It is then supposed to be turned over to detectives for investigation but never was. These statements were clearly uninvestigated hearsay and should not have been used in the PSI Report by Defendant Jeter.

How can Plaintiff possibly submit evidence of his innocence for instance concerning the allegation that he slashed the victim's tires when it never happened? The real question is why has Defendant Jeter failed himself to verify that allegation by producing an arrest warrant or police report concerning this alleged tire slashing?

The Honorable Magistrate Judge's recommendation has placed a burden on Plaintiff to produce counter-evidence to these allegations when they never occurred. How can Plaintiff possibly accomplish this when the Defendants have not produced any evidence that these allegations did occur?

WHEREFORE, Plaintiff respectfully requests that this Honorable Court overrule this recommendation and order that these hearsay and unproven allegations be removed from his PSI Report.

Date: November 17, 2007        Respectfully submitted,

*[signature]*
Lorenzo Watkins #209854R
Limestone Correctional Facility
Dorm E-A-19A
28779 Nick Davis Road
Harvest, Alabama 35749

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served copies of the above and foregoing "Objections To Recommendation Of The Magistrate Judge" on the Honorable Benjamin H. Albritton, Assistant Attorney General, at his office: Office of the Attorney General, 11 South Union Street, Montgomery, Alabama 36130; and the Honorable Steven M. Sirmon, Assistant Attorney General, Alabama Board of Pardons and Paroles, P. O, Box 302405, Montgomery, Alabama 36130 by placing copies of the same in the U.S. mail, postage prepaid, this date.

Done this the 17th day of November, 2007.

*Lorenzo Watkins*
Lorenzo Watkins #209854R

Lorenzo Wattins #209854
Dorm E-A-19
28779 Nick Davis Rd.
Harvest, Al. 35749



HUNTSVILLE / HVS
AL 352 2 T
19 NOV 2007 PM

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Al. 36101-0711

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.